No. 45,079

JACK MATKIN and ALVIN MATKIN, *Appellants,* v. HASKELL HOLMES, d/b/a HOLMES MOTOR COMPANY, *Appellee.*

(442 P. 2d 2)

Opinion filed June 8, 1968.

*Kerry McQueen,* of Liberal, argued the cause, and *Chas. E. Vance, H. Hobble, Jr., Rex A. Neubauer, Chester A. Nordling* and *Gene H. Sharp,* all of Liberal were with him on the briefs for the appellants.

*Keith Beard,* of Meade, argued the cause, and *David J. Wilson,* of Meade, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was an action to recover damages under the theories of conversion and bailment of a drive-flange which operated in connection with a gear head on an irrigation pump.

The general facts out of which the controversy arose may be summarized.

In the spring of 1963, the plaintiffs contracted with the defendant to have their irrigation gear head changed from a left hand to a right hand drive. The defendant could not do the work immediately so loaned the plaintiffs a substitute gear head. In order to make the substitute gear head work it was necessary to interchange the drive-flange in the two gear heads.

The plaintiffs irrigated with the gear head loaned them by the defendant during the spring and summer of 1963. In October or the first part of November of 1963, at the request of the defendant, the plaintiffs, having finished irrigating for that season, returned the substitute gear head to the defendant. The plaintiffs' drive-flange was in the loaned gear head when it was returned. Plaintiffs did not have the necessary tools to remove their drive-flange so they left it for defendant to remove and place in their repaired gear head.

When the plaintiffs called for their gear head in the spring of 1964,

it was not ready but the defendant said it would be in a few days. A fews days later one of the plaintiffs went to the defendant's place of business to pick up their gear head. When he arrived there he found that there was no drive-flange in the plaintiffs' gear head. After an unsuccessful search for the plaintiffs' drive-flange a demand was made upon the defendant that he furnish them with a drive-flange.

The plaintiffs filed this action on September 27, 1965. The case was tried to a jury and at the close of plaintiffs' evidence the court concluded:

"I am going to hold that the two-year statute of limitation has run on the conversion, and further that the testimony does not meet the requirements of establishing conversion of the property to the defendant's benefit.

"In fact, the plaintiffs' testimony along that line is such that it denies itself on the proposition that the property was converted after the date of delivery to the defendant's place of business.

"And as to bailment, we don't have the element of contract for bailment, either express or implied, in this case. There is no showing that the defendant even knew that the property of the plaintiffs was in his possession; there is some implication that it may have been, which was put into the case by the fact that they made efforts to find it and that they ordered another. But I don't believe that meets the qualification to show that they undertook the bailment of the property. There is no showing of any particular purpose for the bailment of the property of the plaintiffs in this case.

"So I am going to enter summary judgment at this time on your evidence."

We are forced to agree with appellants that the trial court was in error on all counts. There is no possible basis for the trial court's holding that "the two-year statute of limitation has run on the conversion." The drive-flange, the subject of this controversy, could not have been delivered to the defendant until the latter part of October or the first of November, 1963, when the loaned gear head was returned. The action was commenced September 27, 1965, less than two years after the delivery. It may be noted that appellee does not attempt to defend the judgment of the trial court on this issue.

Touching next the trial court's conclusion that the evidence was not sufficient to make a *prima facie* case for the jury, we are guided by the rule announced in *Williams v. Benefit Trust Life Ins. Co.,* 195 Kan. 579, 408 P. 2d 631, as stated at page 583:

"In ruling on a motion for a directed verdict the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon the motion must be denied and the matter submitted to the jury (*Revell v. Bennett,* 162 Kan.

345, 176 P. 2d 538, *Casement v. Gearhart*, 189 Kan. 442, 370 P. 2d 95).
. . ." (See, also *Gard v. Sherwood Construction Co.*, 194 Kan. 541, 546, 400 P. 2d 995.)

Plaintiffs' evidence supported the facts heretofore summarized and in addition an employee of the defendant testified:

". . . that he remembers the Plaintiff, Mr. Matkin, coming out to see him in late winter or early spring of 1964.

"Q. Do you remember what he asked you when he came out to talk to you?

"A. Well, he said he couldn't find the drive flange for his gear head, and he asked me if I had worked on it.

"Q. What was your reply?

"A. I told him I had worked on it when I was working. I wasn't working for Mr. Holmes right then."

One of the plaintiffs also testified he asked the employee if he could get the drive-flange and he said no it was in use. He said it was on Rick Yearick's well. Either Mr. Alvin or Mr. Holmes told him to take it out and put it on the well.

The above conversation was in the winter or spring of 1964. Mr. Yearick also testified that—

". . . after his original irrigation pump and gear head had been placed on his irrigation well by the defendant in July or August of 1963, that the Defendant had performed remedial work on his irrigation system sometime within six (6) months after the Defendant had put his well and irrigation system in. The Defendant, in doing this remedial work, had taken the ratchet off of his (Mr. Yearick's) gear head and to do this, they would have had to take his (Mr. Yearick's) drive flange off of the gear head."

A bailment of a piece of machinery may arise not only from an express agreement but may be implied in fact or in law. (8 Am. Jur. 2d, Bailments, § 50, p. 956.)

Without reviewing further evidence we are forced to conclude that, given the favorable inference which it deserves, plaintiffs' evidence was sufficient to go to the jury on the question of conversion of the drive-flange and on failure to return a bailment on demand.

The judgment is reversed with directions to grant a new trial.

APPROVED BY THE COURT.